■ R. GENE SMITH et al., Appellants, v NEIL H. KESSNER et al., Respondents, et al., Defendants. [763 NYS2d 615] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about October 18, 2001, which denied plaintiffs' motion to vacate a prior order dismissing the action for failure to timely serve a second amended complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, plaintiffs' motion granted on condition that their attorney personally pay to counsel for defendants-respondents the sum of $2,500 in counsel fees within 20 days of service of a copy of this order with notice of entry. Upon payment of such amount, the proposed second amended complaint, dated March 15, 2001, shall be deemed served and defendants directed to serve their answer within 20 days of payment. In the event the foregoing condition is not fulfilled, the order appealed from is affirmed, without costs.

Plaintiffs moved on April 13, 2001 to serve a second amended complaint pursuant to CPLR 3025 (b) and "to restore the action to the trial calendar" even though their action had not been stricken from the calendar, but rather had been dismissed at a preliminary conference on December 12, 2000 for failure to serve their second amended complaint pursuant to the court's order of November 9, 1999 and the parties' stipulation dated October 13, 2000. The court denied plaintiffs' motion in its May 23, 2001 order, stating, in pertinent part: "There can't be an amended complaint in a dismissed action."

Rather than appealing from that order, plaintiffs moved, on August 10, 2001, pursuant to CPLR 5015 to vacate the December 12, 2000 order of dismissal, raising for the first time the excuse that at the time of the December dismissal the principal attorney for plaintiffs was unable to effectively participate in his firm's litigation caseload because he was suffering from heart trouble, which resulted in his subsequent hospitalization and open-heart surgery. That motion was denied in the order appealed from, the court stating on the record that "there

is no reason here why this lawsuit should continue or be revived because there is no real excuse for the failure of compliance with my November '99 order through to December of 2000. And the pace with which that order has sought to be undone, neither motion having been made, consistent with what I really did in December, just suggests that this lawsuit has no merit. That's probably why there is no affidavit of merit explaining the gist of this thing, and the motion is denied."

While sympathetic to the court's rulings given the belatedness of counsel's excuse of ill health and the questionable merit of plaintiffs' claims, we nevertheless conclude that, in view of the strong policy in favor of deciding actions on their merits, the December 12, 2000 dismissal should be vacated and plaintiffs given one last opportunity to serve their second amended complaint. However, in light of plaintiffs' failure to seek reargument of the December 12, 2000 order of dismissal or to appeal from that order or the May 23, 2001 order and the general dilatoriness and ineffectiveness of their attempts to remedy their default, resulting in two unsuccessful motions and this appeal, we condition our reversal upon the payment by counsel for plaintiffs personally of $2,500 to counsel for defendants-respondents. Concur—Nardelli, J.P., Tom, Mazzarelli, Andrias and Saxe, JJ.